E-FILED
Tuesday, 26 June, 2018 04:35:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID W. VORTIES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 16-cv-2183-JES |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## ORDER AND OPINION

Now before the Court is Petitioner Vorties' Motion (Doc. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

On April 22, 2004, David Vorties was charged in the United States District Court for the Central District of Illinois in a three-count Indictment alleging the following offenses: Possession of 50 or More Grams of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 1); Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) (Count 2); and Carrying a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). R. 40 (Presentence Report). Vorties pleaded guilty pursuant to a plea agreement which contained a collateral attack waiver. R. 36. The probation officer prepared a Presentence Report ("PSR") listing Vorties' prior convictions for controlled substance offenses and crimes of violence and determined that he

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Vorties*, No. 04-20027 (C.D. Ill.) are styled as "R.__."

1

qualified as a Career Offender under U.S.S.G. § 4B1.2. *Id*. Based on a total offense level of 35 and and a criminal history category of VI, Vorites' advisory guideline sentencing range was 352 to 425 months of imprisonment. *Id*. at ¶ 81. Vorties did not object to any of the findings in the PSR. The Court sentenced him to concurrent terms of 292 months of imprisonment on Counts 1 and 2, plus 60 months of imprisonment on Count 3, to be served consecutive to the terms imposed on Counts 1 and 2, for a combined sentence of 352 months of imprisonment. R. 42. Vorties did not appeal.

Vorties now brings this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Therein, he argues that his Illinois felony domestic battery conviction is no longer a crime of violence under the advisory guidelines following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). The United States filed a Response in opposition to Vorites' Motion. Doc. 10. This Order follows.

**LEGAL STANDARD**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710–20 (7th Cir. 1994).

## DISCUSSION

Two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), preclude relief for Petitioner Vorties because together they hold a petitioner may not seek on collateral review to revisit the district court's calculation of his advisory guidelines range. The Court is bound by the *Hawkins* decisions. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice).

Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges

3

"notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than for postconviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.").

Finally, Vorties' *Johnson*-based challenge to his Career Offender designation is foreclosed by recent Supreme Court precedent. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that *Johnson*'s reasoning invalidating the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), does not apply to the similarly-worded residual clause in the guidelines' Career Offender provision, U.S.S.G. § 4B1.2. Because Petitioner challenges his guidelines calculation (i.e., his Career Offender designation) on vagueness grounds, his claim is foreclosed by both Supreme Court and circuit precedent. Therefore, the Court denies his Motion.

## CERTIFICATE OF APPEALABILITY

To obtain a Certificate of Appealability under § 2253(c), "a habeas prisoner must make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). This means that the prisoner must show "that reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at 484. Because no reasonable jurist could find that Vorties claims are not foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017), the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Petitioner Vorites' Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

This matter is now terminated.

Signed on this 26th day of June, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge